IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## STATE OF TENNESSEE v. RANDAL WAYNE FAULK[1]

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-T-99    Frank G. Clement, Jr., Judge**

—————

**No. M2001-02423-CCA-R3-CD - Filed September 16, 2002**

—————

The defendant was convicted by a Davidson County jury of driving under the influence, third offense, and driving on a revoked license. He appeals only his DUI conviction, arguing the evidence was insufficient to support a finding that he was under the influence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Ross E. Alderman, Public Defender; Hollis I. Moore, Jr., Assistant Public Defender (at trial and on appeal); and Jeffrey A. DeVasher, Assistant Public Defender (on appeal), for the appellant, Randal Wayne Faulk.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and David G. Vorhaus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Officer David Elliott of the Metro Police Department testified that at approximately 10:00 p.m. on November 10, 2000, he observed a 1981 pick-up truck driven by the defendant run a stop sign. Officer Elliott stated the defendant then slammed on the brakes and stopped in the middle of the intersection for approximately 20 to 30 seconds. He testified the truck then backed up and turned

---

[1]At trial, defendant testified his last name was "Falk." However, the indictment and other documents refer to the defendant's name as being "Faulk." Therefore, we follow this court's usual policy of referring to the defendant by the name appearing in the indictment.

before stopping for another 10 to 20 seconds while remaining in the middle of the intersection. According to Officer Elliott, the truck appeared to be driving smoothly and was not jumping.

Officer Elliott stated he followed the defendant and pulled him over. He said the defendant did not immediately stop in response to his siren, but instead "crept along for about half a block." He testified that when the defendant exited the truck, he noticed the defendant's clothing was "disarranged;" his pants were undone and "about to fall off." He also stated the defendant exuded an odor of alcohol, had bloodshot and watery eyes, and was very talkative. He said the defendant staggered and had to brace himself on his truck as he walked. The officer testified the defendant seemed to be confused, and that he had to repeatedly explain to the defendant why he had stopped him.

Elliott testified two other people were in the truck. He stated he found several empty beer cans, one open beer can that was approximately three-fourths full, one quart beer bottle that was three-fourths full, and an empty quart beer bottle that was cold, wet, and empty. Elliott said the defendant told him he drank a quart of beer.

Elliott said the defendant performed "poorly"in several respects on two field sobriety tests, the walk-and-turn test and the one-leg stand. The officer opined the defendant was "intoxicated to the point that he could not operate a vehicle in a safe manner."

Metro DUI enforcement officer Jeb Johnston testified he arrived at the scene to administer a breath alcohol test to the defendant. Officer Johnston stated he spoke at length with the defendant and noticed the defendant was unsteady on his feet, smelled of alcohol, had bloodshot eyes, and "rambled on and on." Johnston opined the defendant was under the influence of alcohol.

Johnston said the defendant indicated he was willing to take a breath alcohol test; however, according to Johnston, the defendant merely pretended to blow into the machine and did not give a sufficient breath sample to allow the machine to take a breath alcohol reading. Johnston testified a breath sample can be given in ten seconds, and the defendant was allowed several opportunities to blow into the machine during a four-minute period. Johnston stated the defendant did not explain why he could not perform the test, and Johnston considered the defendant's failure to blow into the machine as a refusal to take the test.

Mechanic Jimmy White testified for the defendant that the defendant had asked him to adjust the clutch on his pick-up truck. White explained he was unable to repair the clutch because it had rusted into the frame. He stated he did not know how long the defendant had experienced the problem with the clutch and could not recall when he examined the truck. White said he did not know the condition of the truck on November 10, 2000.

The defendant testified that on the day of his arrest he had worked as a roofer from 6 a.m. until 5 p.m. He stated he drank a quart of beer for lunch at 11:00 a.m., but had nothing to eat. He said he went to a friend's home after work, where he went to sleep. He stated he did not drink at his

friend's house. He testified that two men woke him and requested a ride. The defendant said they stopped at a store, where the men bought him a 24-ounce beer.

According to the defendant, they were returning to his friend's house when the clutch on his truck malfunctioned and the officer stopped him. He testified his clutch was stuck; he was unable to drive the truck in reverse as Officer Elliott testified; his pants were not undone; he thought he performed well on the walk-and-turn field sobriety test; and Officer Elliot joked with him while demonstrating the one-leg stand, and that he responded by mimicking the officer's performance. He also said he exhaled seven times into the breath alcohol machine, but it failed to register even though he blew harder as he was requested to do by the officer.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends the proof at trial was not sufficient to support the jury's finding that he was driving under influence. We disagree.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

## II. ANALYSIS

In the instant case, there was ample proof presented by the state from which a rational trier of fact could determine the defendant was intoxicated when Officer Elliott stopped him. Both Officer Elliott and Officer Johnston testified the defendant showed obvious signs of intoxication. According to Officer Elliott's testimony, he observed the defendant driving in an erratic manner, the defendant performed poorly on field sobriety tests, and the defendant had to brace himself as he walked. Officer Johnston opined the defendant's failure to blow into the breath alcohol machine was

a *de facto* refusal to submit a breath sample.  Both officers opined the defendant was under the influence of alcohol.

The defendant argues the evidence indicated the defendant's erratic driving was the result of the truck's mechanical problems.  The jury, as the trier of fact, was entitled to rate the weight and credibility of this proof as they saw fit.  The defendant further argues that certain facts, such as the odor of alcohol exuding from the defendant, the empty beer bottle found in his truck, and the defendant's poor performance on field sobriety tests, each standing alone would be insufficient to support the jury's conclusion that the defendant was intoxicated.  However, the jury was certainly entitled to consider all of the facts collectively in determining whether the defendant was operating his vehicle while under the influence.  The defendant's arguments are without merit.  We affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE